1  **McGuireWoods LLP**
   Christopher A. Killens, Esq. (SBN 254466)
2       Email: ckillens@mcguirewoods.com
   1800 Century Park East, 8th Floor
3  Los Angeles, CA 90067
   Tel:   (310) 315-8200
4  Fax:   (310) 315-8210

5  Peter N. Farley (admitted *pro hac vice*)
        Email: pfarley@mcguirewoods.com
6  Katherine L. Kendricks (admitted *pro hac vice*)
        Email: kkendricks@mcguirewoods.com
7  1230 Peachtree Street NE, Suite 2100
   Atlanta, GA 30309
8  Tel: (404) 443-5500
   Fax: (404) 443-5599
9
   Attorneys for Plaintiff BEAULIEU GROUP, LLC
10

11 **UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF**

12 **CALIFORNIA – EASTERN DIVISION**

13

14 BEAULIEU GROUP, LLC,                 | CASE NO.:  5:15-cv-01090

15                        Plaintiff,    | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF**
16                                      | **MOTION FOR LEAVE TO AMEND**
         v.                             | **COMPLAINT PURSUANT TO FED.**
17                                      | **R. CIV. PROC. 15(a)(2)**
   MIKE BATES,
18                                      | **Date:      December 7, 2015**
                        Defendant.      | **Time:      9:00 a.m.**
19                                      | **Ctrm:      1**
20                                      | **Judge:     Hon. Jesus G. Bernal**

21

22

23

24

25

26

27

28

## TABLE OF CONTENTS

I.      INTRODUCTION .................................................................................1

II.     PROCEDURAL HISTORY ...............................................................1

III.    PROPOSED AMENDMENTS ..........................................................2

IV.     ARGUMENT. .....................................................................................3

        A.     LEAVE TO AMEND IS FREELY AND LIBERALLY GRANTED. ......................3

        B.     BEAULIEU'S PROPOSED AMENDMENTS WILL NOT PREJUDICE
               DEFENDANT. ...................................................................................4

        C.     BEAULIEU'S PROPOSED AMENDMENTS WILL NOT RESULT IN
               UNDUE DELAY. ................................................................................5

        D.     BEAULIEU'S PROPOSED AMENDMENTS ARE NOT IN BAD FAITH OR
               WITH DILATORY MOTIVE. .................................................................6

        E.     BEAULIEU'S PROPOSED AMENDMENTS ARE NOT FUTILE. .......................6

II.     CONCLUSION ...................................................................................10

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR LEAVE TO AMEND
COMPLAINT**

# TABLE OF AUTHORITIES

**Page(s)**

FEDERAL CASES

*Arthur J. Gallagher & Co. v. Lang*
No. C 14-0909 CW, 2014 WL 2195062 (N.D. Cal. May 23, 2014) ...................... 9

*Bd. of Trustees of the Auto. Indus. Welfare Fund v. Groth*
*Oldsmobile/Chevrolet, Inc*
No. C 09-0465 PJH, 2010 WL 760452, (N.D. Cal. Mar. 4, 2010) ................... 4, 7

*Bowles v. Reade*
198 F.3d 752 (9th Cir. 1999) ........................................................................... 5

*Chudacoff v. Univ. Med. Center of S. Nev.*
649 F.3d 1143 (9th Cir. 2011) ......................................................................... 3

*Eminence Capital, LLC v. Aspeon, Inc.*
316 F.3d 1048 (9th Cir. 2003) ......................................................................... 3

*Lockheed Martin Corp. v. Network Solutions.*
194 F.3d 980  (9th Cir. 1999) ...................................................................... 4, 5

*Rios v. Ames True Temper, Inc.*
No. EDCV 11-320 CAS PJWX, 2012 WL 601882 (C.D. Cal. Feb. 23,
2012) ................................................................................................................ 5

*Ross v. Pioneer Life Ins. Co.*
No. EDCV 11-320 CAS PJWX, 2012 WL 601882  (C.D. Cal. Feb. 23,
2012) ................................................................................................................ 6

*Sharkey v. O'Neal*
778 F.3d 767 (9th Cir.2015) ........................................................................ 3, 4

*Sussex Fin. Enterprises, Inc. v. Bayerische Hypo-Und Vereinsbank AG*
No. 08-4791 SC, 2009 WL 1916926 (N.D. Cal. July 1, 2009)....................... 5

*Thomas Weisel Partners LLC v .BNP Paribas*
No. C 07-6198 MHP, 2010 WL 546497 (N.D. Cal. Feb. 10, 2010) ...................... 9

*U.S. ex rel. Knapp v. Calibre Sys., Inc.*
No. 2:10-CV-4466-ODW, 2012 WL 1577420 (C.D. Cal. May 4, 2012)....... 3, 4, 5

ii

*Valley v. Automated Sys. of Am., Inc.*
    No. 11CV0325 JAH WMC, 2012 WL 113753 (S.D. Cal. Jan. 13, 2012) ..... 3, 5, 6

**CALIFORNIA CASES**

*Goddard v. S. Bay Union High Sch. Dist.*
    79 Cal. App. 3d 98 (Cal. Ct. App. 1978) .................................................... 7, 8

*Stirlen v. Supercuts, Inc.*
    51 Cal.App. 4th 1519 (1997) ......................................................................... 7

**OTHER AUTHORITIES**

Fed. R. Civ. P. 15(a)(2) .................................................................................. 3

PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR LEAVE TO AMEND
COMPLAINT

## I.      INTRODUCTION

Beaulieu Group, LLC ("Beaulieu") seeks to amend its complaint to (1) add a jury trial demand, and (2) allege additional facts to clarify the circumstances under which Defendant Mike Bates was hired by Beaulieu.  Specifically, Beaulieu seeks to clarify that the Confidentiality and Non-Disclosure Agreement ("Agreement") that was presented to Defendant as part of his employment was not a contract of adhesion.

Defendant does not object to Beaulieu's proposed amendment to add a jury trial demand.  However, Defendant objects to Beaulieu's proposed amendments related to the circumstances under which Defendant was hired by Beaulieu.

Despite Defendant's objections, the Court should allow Beaulieu to amend its complaint because Beaulieu is seeking to do so in good faith, Beaulieu's proposed amendments are not futile, and allowing Beaulieu to amend its complaints would not significantly delay the proceedings or prejudice Defendant.

## II.     PROCEDURAL HISTORY

Beaulieu filed its original complaint against Defendant on June 4, 2015.  *See* Doc. 1.  Beaulieu filed an amended complaint ("FAC") on July 23, 2015 after Defendant's counsel contacted Beaulieu's counsel and requested that Beaulieu amend its complaint to (1) attach a copy of the Agreement at issue in the litigation, and (2) include additional facts to support diversity jurisdiction.  *See* Doc. 18.

On August 8, 2015, Defendant filed a motion to dismiss.  *See* Doc. 19.  Beaulieu opposed Defendant's motion.  See Doc. 21.  The Court issued a ruling on September 17, 2015 denying Defendant's motion. ("September 19, 2015 Order").  *See* Doc. 24.  In its September 19, 2015 Order, the Court noted that the non-solicitation provision at issue in the Agreement is unenforceable due to a prohibition on hiring.  *See* Doc. 24, at pgs. 6-8, 9.  The Court also declined to blue-pencil the non-solicit due to public policy concerns based on the belief that the Agreement was

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR LEAVE TO AMEND COMPLAINT**

a contract of adhesion.  *Id.*

On October 1, 2015, Defendant answered Beaulieu's FAC.  *See* Doc. 25.  The parties conducted a 26(f) conference on October 26, 2015 and filed a Joint 26(f) report on November 2, 2015.  *See* Doc. 27.  In the 26(f) Report, Beaulieu indicated that it was "investigating whether it may move to amend the [FAC] to allege additional facts or claims."  *Id.* at 11:8-9.

On October 28, 2015, Beaulieu's counsel contacted Defendant's counsel discuss Beaulieu's intention to file a motion for leave to amend the complaint. Counsel for the parties discussed the matter on October 29, 2015, but were unable to reach an agreement.  On November 3, 2015, Defendant's counsel informed Beaulieu's counsel that Defendant does not object to Beaulieu amending the FAC to add a jury trial demand, but that Defendant objects to Beaulieu's other proposed amendments.

## III.   PROPOSED AMENDMENTS

A copy of Beaulieu's proposed Second Amended Complaint ("SAC") is attached as Exhibit A; however, a summary of Beaulieu's proposed amendments to the FAC are as follows:

- Add a demand for a jury trial.  *See* SAC 1:28; 22:26-27.
- Add additional language to the following paragraphs in the FAC: 22, 24, 28, 35, 37, 38, 39, 51.  *See* SAC ¶ 22, 4:16-18; ¶ 24, 4:21-5:3; ¶ 28, 6:2-6; ¶ 41, 8:25-9:2; ¶ 43, 9:14-19; ¶ 44, 9:20-10:2; ¶ 45, 10:3-11; ¶ 57, 13:26-27.
- Remove language from the following paragraphs in the FAC: 30. *See* SAC ¶ 33, 7:25-26.
- Add the following new paragraphs: 29, 30, 31, 35, 36, 37, 104, 105. *See* SAC ¶ 29, 6:7-10; ¶ 30, 6:11-17; ¶ 31, 6:18-7:5; ¶ 35, 8:1-3; ¶ 36, 8:4-7; ¶ 37, 8:8-12; ¶ 104, 20:13-18; ¶ 105, 20:19-20.

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR LEAVE TO AMEND COMPLAINT**

## IV.   ARGUMENT.

### A.   LEAVE TO AMEND IS FREELY AND LIBERALLY GRANTED.

Federal Rule of Civil Procedure 15(a)(2) provides that leave to amend "be freely given when justice so requires." Fed. R. Civ. P. 15(a)(2).  While courts have discretion to decide whether leave to amend should be granted, leave to amend is freely and liberally granted as a matter of judicial policy.  *See Eminence Capital, LLC v. Aspeon, Inc.,* 316 F.3d 1048, 1051 (9th Cir. 2003).  Indeed, the intent of Rule 15 is to "facilitate decision on the merits, rather than on the pleadings or technicalities."  *Chudacoff v. Univ. Med. Center of S. Nev.,* 649 F.3d 1143, 1152 (9th Cir. 2011).

When determining whether to grant leave to amend, courts consider four factors: (1) whether the amendment was filed with undue delay; (2) whether the amendment is requested in bad faith or as a dilatory tactic; (3) whether the amendment will unduly prejudice the opposing party and; (4) whether the amendment is futile.  *See Sharkey v. O'Neal,* 778 F.3d 767, 774 (9th Cir.2015), *quoting Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962).  Courts have even recognized that when these factors are absent, it is appropriate for the parties to stipulate to amendments.  *See U.S. ex rel. Knapp v. Calibre Sys., Inc.*, No. 2:10-CV-4466-ODW, 2012 WL 1577420, at *3-4 (C.D. Cal. May 4, 2012) (noting that "from a practical perspective, Defendant should have stipulated to Plaintiff's request to amend, rather than wasting time and money with disingenuous complaints of prejudice and lag in these proceedings").  However, if a party opposes an amendment, "[t]he party opposing the amendment carries the burden of showing why leave to amend should not be granted. *Knapp*, 2012 WL 1577420, at *1-2;  *see also Valley v. Automated Sys. of Am., Inc.,* No. 11CV0325 JAH WMC, 2012 WL 113753, at *1-2 (S.D. Cal. Jan. 13, 2012).

**B.  BEAULIEU'S PROPOSED AMENDMENTS WILL NOT PREJUDICE DEFENDANT.**

It is well-established that whether the opposing party will be unduly prejudiced by the amendment is the factor "that carries the greatest weight." *Sharkey* 778 F.3d at 774, *quoting Foman,* 371 U.S. at 182. Further, "[p]rejudice must be substantial before it justifies denial of leave to amend." *Bd. of Trustees of the Auto. Indus. Welfare Fund v. Groth Oldsmobile/Chevrolet, Inc.,* No. C 09-0465 PJH, 2010 WL 760452, at *3 (N.D. Cal. Mar. 4, 2010).

Courts have recognized that a party may suffer prejudice if an amendment would result in the addition of claims, the need to reopen discovery, or would otherwise delay the proceedings. *See, e.g., Lockheed Martin Corp.,* 194 F.3d at 986 ("need to reopen discovery and therefore delay the proceedings supports a district court's finding of prejudice from a delayed motion to amend the complaint").

However, courts have recognized that the mere fact that other motions are pending before the Court is not prejudicial. *See Bd. of Trustees of the Auto. Indus. Welfare Fund*, 2010 WL 760452, at *3 (finding no substantial prejudice even though the opposing party had already invested time and money into preparing and filing the summary judgment motions").

Here, the only possible prejudice Defendant could claim is prejudice related to his investment of time and money related to preparing and filing the pending motion for judgment on the pleadings. *See* Doc. 28. However, this prejudice is not substantial considering that discovery has only recently commenced. *See Knapp*, 2012 WL 1577420, at *3-4 (recognizing the "policy favoring amendment" and granting a plaintiff's motion for leave to amend the complaint when the plaintiff "brought the . . . [m]otion . . . well before the . . . deadline for amending pleadings, the . . . discovery cutoff date, and the . . . deadline for pretrial motions" and noting that "any new discovery would still be within the same manageable scope" when the

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR LEAVE TO AMEND COMPLAINT**

plaintiff did "not assert[] any new theory of recovery" and "discovery had been ongoing for *less than three months* when [the] [p]laintiff brought [the] motion to amend"); *see also Rios v. Ames True Temper, Inc.,* No. EDCV 11-320 CAS PJWX, 2012 WL 601882, at *3 (C.D. Cal. Feb. 23, 2012) (finding that a defendant "failed to demonstrate prejudice that would result from granting plaintiff's motion" when "the discovery deadline . . . ha[d] not yet passed," an recognizing that "denying the motion might result in prejudice to plaintiff who would be precluded from recovering damages to which he may otherwise be entitled").

## C.   BEAULIEU'S PROPOSED AMENDMENTS WILL NOT RESULT IN UNDUE DELAY.

Courts have recognized that undue delay may result when a party seeks to amend after the deadline for amending pleadings, or when amendments are not based on facts that were unavailable before the deadline to amend.  *See Lockheed Martin Corp.*, 194 F.3d at 986.  However, "the possibility of delay alone . . . cannot justify denial of leave to amend."  *Valley*, 2012 WL 113753, at *1-2; *see also Bowles v. Reade,* 198 F.3d 752, 758 (9th Cir.1999) ("Undue delay by itself . . . is insufficient to justify denying a motion to amend.").

Beaulieu's proposed amendments do not raise concerns of delay because the Court has not yet set a trial date for this matter, issued a scheduling order, or otherwise set a deadline for the parties to amend the pleadings or complete discovery.  In fact, discovery only recently commenced after the parties conducted the 26(f) conference on October 20, 2015.

Under similar circumstances, motions to amend have been liberally granted. *See Rios*, 2012 WL 601882, at *1; *see also Sussex Fin. Enterprises, Inc. v. Bayerische Hypo-Und Vereinsbank AG,* No. 08-4791 SC, 2009 WL 1916926, at *2 (N.D. Cal. July 1, 2009) (no undue delay when the plaintiff sought to amend a complaint before the discovery cut-off date); *Knapp*, 2012 WL 1577420, at *2-3 (no

undue delay when a plaintiff sought to amend a complaint two years after the case was filed because the plaintiff filed the motion to amend prior to the deadline set by the court to amend the pleadings and the plaintiff "was diligent in prosecuting her case and sought to amend as soon as having obtained . . . new information through discovery").

### D.   BEAULIEU'S PROPOSED AMENDMENTS ARE NOT IN BAD FAITH OR WITH DILATORY MOTIVE.

Beaulieu's proposed amendments are in direct response to the concerns the Court raised in its September 17, 2015 Order.  Specifically, Beaulieu's proposed amendments simply clarify and add facts applicable to the causes of action already asserted in Beaulieu's FAC in an effort to address the Court's concerns related to the enforceability of the Agreement at issue in this litigation that Defendant signed as part of his employment with Beaulieu.

Courts have declined to find bad faith or dilatory motive when proposed amendments are related to "causes of actions or remedies contained in the original [c]omplaint."  *Ross v. Pioneer Life Ins. Co.*, 545 F. Supp. 2d 1061, 1064-65 (C.D. Cal. 2008) (finding that a motion was "made without bad faith or dilatory motive" when the proposed amendments only sought "to add a statutory remedy . . . based upon causes of action and remedies contained in the original [c]omplaint"). Because Beaulieu's proposed amendments are related to the causes of actions already asserted in Beaulieu's FAC, the Court should find that no bad faith or dilatory motive exists related to Beaulieu's proposed amendments.

### E.   BEAULIEU'S PROPOSED AMENDMENTS ARE NOT FUTILE.

"A proposed amendment is futile only if no set of facts can be proved under the amendment that would constitute a valid claim."  *Valley*, 2012 WL 113753, at *1-2.  As such, "the Court need only determine whether [the] proposed amendment

states a claim upon which relief may be granted." *Id.* at *3 (finding that a plaintiff's proposed amended complaint was not futile because it "stat[ed] sufficient facts that, if proven, would constitute a valid claim").

Furthermore, "court[s] normally will not rule on the futility of an amendment at the motion to amend stage of the litigation unless the proposed amendment is clearly and unambiguously futile." *Bd. of Trustees of the Auto. Indus. Welfare Fund*, 2010 WL 760452, at *3. Instead, "the futility of an amendment is better tested in a motion to dismiss for failure to state a claim or a summary judgment motion." *Id.*

Here, Beaulieu's proposed amendments are not futile because the additional facts related to the causes of action already asserted would explain the circumstances under which Defendant was presented with, and signed, the Agreement, and would clarify that the Agreement is not a contract of adhesion. This clarification is important because the Court declined to blue-pencil the non-solicitation provision of the Agreement due to public policy concerns arising from the Court's belief that the Agreement was a contract of adhesion. *See* Dkt. 24, at pg. 7. In the absence of these public policy concerns, it would be appropriate for the Court to reconsider whether the non-solicit is "void in its entirety and thus unenforceable" and whether it is "improper to rewrite or blue-pencil" the non-solicit.

Notably, as set forth in Beaulieu's proposed SAC, the Agreement is not a contract of adhesion because it was not presented to Defendant on a take-it-or leave it basis. *See Stirlen v. Supercuts, Inc.,* 51 Cal.App. 4th 1519, 1533 (1997) (internal quotation marks and citations omitted) (a contract of adhesion is "a standardized contract, which, imposed and drafted by the party of superior bargaining strength, relegates to the subscribing party only the opportunity to adhere to the contract or reject it"); *see also Goddard v. S. Bay Union High Sch. Dist.*, 79 Cal. App. 3d 98,

105 (Cal. Ct. App. 1978) (a contract of adhesion is a "contract[] in which the party with superior bargaining power permits the other party to adhere to the contract or reject it, but does not permit an opportunity to bargain over its terms").

Although the Agreement was presented to Defendant as part of the hiring process and signed as part of Defendant's employment with Beaulieu, Defendant could have started his employment with Beaulieu without having signed the Agreement, and the only consequence would have been that his access to certain confidential information and trade secrets would have been limited until any questions or negotiations over the terms of the Agreement were resolved to the mutual satisfaction and agreement of Defendant and Beaulieu.  Defendant was also free to read the Agreement, ask questions, propose changes, negotiate the terms of the Agreement, or have the Agreement reviewed by an attorney if he so chose to do.

Despite being given an opportunity to do so, Defendant did not ask any questions about the Agreement, propose any changes to the Agreement, or attempt to negotiate the terms of the Agreement.  Instead, Defendant completed the top portion of the Agreement by inserting his name, date, and address, and then signed the Agreement.

Under these circumstances, it is clear that the Agreement is not a contract of adhesion, and the public policy concerns raised by the Court related to the non-solicitation provision of the Agreement should not result in the Court finding the non-solicit void and unenforceable or that it is "improper to rewrite or blue-pencil" to non-solicit. *See* Doc. 24, at pg. 8.

Instead, because the non-solicit is not contained in a contract of adhesion, the Court should recognize that the public policy concerns are different from the public policy concerns that apply to a non-compete that illegally restrains employee mobility because the non-solicit is only intended to protect against active solicitation of employees, not mere hiring without solicitation.  Indeed, as the Court recognized

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR LEAVE TO AMEND COMPLAINT**

in its September 17, 2015 Order, "contractual limitations only pertaining to the raiding or soliciting of employees maybe permissible in certain circumstances." *See* Doc. 24, at pg. 5.  Further, "an employer may lawfully prohibit its former employees from actively recruiting or soliciting its current employees." *Arthur J. Gallagher & Co. v. Lang*, No. C 14-0909 CW, 2014 WL 2195062, at *4 (N.D. Cal. May 23, 2014).

While the language of the non-solicit in the Agreement states that Defendant may not "hire or attempt to hire . . . any person then employed by or under contract with Beaulieu," the provision also allows for "advertising for employees when that advertising is aimed at the general public."  This exception indicates that the provision is not intended to prohibit mere hiring of Beaulieu's employees and instead is only intended to prohibit active solicitation of Beaulieu's employees.

Furthermore, Beaulieu's claims are not based on Defendant merely hiring Beaulieu's employees, and Beaulieu is not attempting to use the non-solicit as a proxy for a non-compete.  In fact, Beaulieu is not even seeking injunctive relief with respect to the non-solicit or attempting to enforce the non-solicit retroactively. Instead, Beaulieu is simply seeking damages caused by Defendant's active solicitation of Beaulieu's employees for the time period during which he was subject to the non-solicit.

The new facts alleged in Beaulieu's proposed SAC show that the Agreement is not a contract of adhesion, that Beaulieu is not seeking to apply the restrictions retroactively, and that the non-solicit does not operate as a non-compete.  These amendments are not futile because the amendments make it appropriate for the Court to reconsider its decision to depart from *Thomas Weisel Partners LLC v .BNP Paribas*, No. C 07-6198 MHP, 2010 WL 546497 (N.D. Cal. Feb. 10, 2010) and decline to blue-pencil the non-solicit.  Indeed, the amendments make clear that the Court should adopt and follow the reasoning set forth in *Thomas Weisel* rather than

considering the public policy concerns applicable to non-competes because the non-solicit does not operate as a non-compete, and the public policy concerns for non-competes are more significant given that non-competes operate as illegal restraints of trade.  Since Beaulieu's proposed amendments would provide the Court with the opportunity to reconsider its decision, and reconsideration of the decision could result in the Court enforcing the non-solicit to the extent it prohibits solicitation of Beaulieu's employees, Beaulieu's proposed amendments are not futile.[1]

## II.    CONCLUSION

For the reasons set forth herein, Beaulieu respectfully requests that the Court grant Beaulieu's motion.

DATED: November 7, 2015           **McGuireWoods LLP**

By:  */s/Katherine L. Kendricks*
     Christopher A. Killens, Esq.
     Peter N. Farley, Esq.
     Katherine L. Kendricks, Esq.

     Attorneys for Plaintiff
     BEAULIEU GROUP, LLC

---

[1] Beaulieu is also filing a motion for reconsideration to ask the Court to reconsider the September 17, 2015 Order to the extent it found the non-solicitation provision "void in its entirety and unenforceable" and found "it improper to rewrite or blue-pencil" the non-solicitation provision.

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR LEAVE TO AMEND COMPLAINT**

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 7, 2015, I electronically filed the foregoing document entitled **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR LEAVE TO AMEND COMPLAINT PURSUANT TO FED. R. CIV. P. 15(a)(2)12(b)(6)** with the Clerk of the Court for the United States District Court, Central District of California using the CM/ECF system and served a copy of same upon all counsel of record via the Court's electronic filing system.

By:*/s/Katherine L. Kendricks*
    Christopher A. Killens, Esq.
    Peter N. Farley, Esq.
    Katherine L. Kendricks, Esq.

    Attorneys for Plaintiff
    BEAULIEU GROUP, LLC

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR LEAVE TO AMEND COMPLAINT**